FILED
1/28/2026
ER
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JAWAD H. HAKEEM | No. 23 CR 175<br>Judge John F. Kness |

**PLEA AGREEMENT**

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ANDREW S. BOUTROS, and defendant JAWAD H. HAKEEM, and his attorney, JOHN LEGUTKI, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

**Charges in This Case**

2. The indictment in this case charges defendant with bank robbery, in violation of Title 18, United States Code, Section 2113(a) (Counts One and Three); using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, 924(c)(1)(A)(ii) (Count Two); and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, 924(c)(1)(A)(iii) (Count Four).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

**Charges to Which Defendant Is Pleading Guilty**

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Counts One and Three, which charge defendant with bank robbery, in violation of Title 18, United States Code, Section 2113(a); and Count Four, which charges defendant with using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, namely, bank robbery (in violation of Title 18, United States Code, Section 2113(a)), in violation of Title 18, United States Code, 924(c)(1)(A)(iii). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

**Factual Basis**

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One, Three, and Four of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

a. With respect to Count One of the indictment:

On or about March 3, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, defendant JAWAD H. HAKEEM, by force and violence, and by intimidation, did take from the person and presence of a bank employee

approximately $2,002 in United States currency belonging to and in the care, custody, control, management, and possession of Chase Bank, located at 401 N. Clark St., Chicago, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

Specifically, defendant entered Chase Bank, a financial institution, located at 401 N. Clark St., Chicago, Illinois at approximately 2:51 p.m. on March 3, 2023 carrying a black gun. Defendant told Victim Customer A to lay down on the floor, pointed the gun at the Victim Customer A, and told the other individuals in the bank that he would shoot Victim Customer A if Victim Teller B did not give him money. Victim Customer A complied and laid on the floor.

In response to defendant's threats, Victim Teller B provided defendant with approximately $2,002 in United States currency belonging to Chase Bank and defendant fled the bank with the currency. At the time of the robbery, the deposits of Chase Bank were insured by the Federal Deposit Insurance Corporation.

b. With respect to Count Three of the indictment:

On or about March 9, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, defendant JAWAD H. HAKEEM, by force and violence, and by intimidation, did take from the person and presence of a bank employee approximately $23,900 in United States currency belonging to and in the care, custody, control, management, and possession of Fifth Third Bank, located at 1 S. Wacker Dr., Chicago, Illinois, the deposits of which were then insured by the Federal

Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

Specifically, defendant entered Fifth Third Bank, a financial institution, located at 1 S. Wacker Dr., Chicago, Illinois at approximately 2:59 p.m. on March 9, 2023 carrying a black gun. Defendant pointed the gun at Victim Teller C and Victim Teller D, who were working in the bank lobby and told them that his gun was loaded. Defendant ordered Victim Tellers C and D to fill two plastic bags that he provided with money. Defendant threatened to kill Victim Tellers C and D if they did not comply.

While defendant was waiting for Victim Tellers C and D to fill the bags, defendant observed Victim Security Guard E, who was standing outside of the bank. Defendant saw Victim Security Guard E notice that defendant was in the process of robbing the bank and draw a service weapon. Defendant admits that he then fired his gun at Victim Security Guard E nine times, causing the bank's glass windows to shatter. Defendant acknowledges that Victim Security Guard E suffered an injury as a result of the shattering glass.

In response to defendant's demands, Victim Tellers C and D provided defendant with approximately $23,900 in United States currency belonging to Fifth Third Bank and defendant fled the bank with the currency. As defendant fled from the Fifth Third Bank, defendant acknowledges that he dropped approximately $10,450 in cash that he had taken from the bank, which the bank was able to recover.

At the time of the robbery, the deposits of Fifth Third Bank were insured by the Federal Deposit Insurance Corporation.

c. With respect to Count Four of the indictment:

On or about March 9, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, defendant JAWAD H. HAKEEM, did use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely bank robbery, in violation of Title 18, United States Code, Section 2113(a), as charged in Count 3 of the indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

Specifically, as detailed above and incorporated here, on or about March 9, 2023, defendant carried and brandished a gun as he entered and robbed the Fifth Third Bank located at 1 S. Wacker Dr, Chicago, Illinois. During the robbery, defendant told Victim Tellers C and D that the gun was loaded, and defendant discharged the gun nine times at Victim Security Guard E.

Defendant also acknowledges that, for the purpose of computing his sentence under the Sentencing Guidelines, the following conduct, to which he stipulates, constitutes relevant conduct under Guidelines § 1B1.3:

On or about March 12, 2023, defendant checked into the Best Motel located at 6525 S. King Drive, Chicago, Illinois. Defendant acknowledges that he failed to check out of his motel room and left behind several items, including a black, Smith & Wesson MP Shield Plus 9 millimeter semiautomatic handgun, bearing serial number

JHD4084 (the "Firearm"), and associated ammunition. Defendant acknowledges that the Firearm was stolen from a vehicle in Naperville, Illinois on or about March 2, 2023. Defendant used, carried, and brandished the Firearm during and in relation to the March 3, 2023 bank robbery of the Chase Bank, and he used, carried, brandished, and discharged the Firearm during the March 9, 2023 bank robbery of the Fifth Third Bank.

## Maximum Statutory Penalties

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a. Count One carries a maximum sentence of 20 years' imprisonment. Count One also carries a maximum fine of $250,000. Defendant further understands that with respect to Count One the judge also may impose a term of supervised release of not more than three years.

b. Count Three carries a maximum sentence of 20 years' imprisonment. Count Three also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Three, the judge also may impose a term of supervised release of not more than three years.

c. Count Four carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. The sentence of imprisonment on Count 4 is required to be consecutive to any other sentence imposed. Pursuant to Title 18, United States Code, Section 3561, defendant may not be

sentenced to a term of probation on this count. Count Four also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Four the judge also may impose a term of supervised release of not more than five years.

d. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

e. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

f. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is life imprisonment, and the minimum sentence is 10 years' imprisonment. In addition, defendant is subject to a total maximum fine of $750,000, a period of supervised release, and special assessments totaling $300, in addition to any restitution ordered by the Court.

## Sentencing Guidelines Calculations

8. Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate

deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 1, 2025 Guidelines Manual.

b. **Offense Level Calculations.**

Count 1 (Group 1)

i. The base offense level is 20, pursuant to Guideline § 2B3.1(a).

ii. Pursuant to Guideline § 2B3.1(b)(1), the base offense level is increased by two levels because the property of a financial institution was taken.

iii. Pursuant to Guideline § 2B3.1(b)(2), the base offense level is increased by five levels because a firearm was brandished or possessed.

iv. The adjusted base offense level is for Count 1 is 27.

Count 3 (Group 2)

v. The base offense level is 20, pursuant to Guideline § 2B3.1(a).

vi. Pursuant to Guideline § 2B3.1(b)(1), the base offense level is increased by two levels because the property of a financial institution was taken.

vii. Pursuant to Guideline § 2B3.1(b)(7), the base offense level is increased by one level because the loss amount exceeded $20,000.

viii. The adjusted base offense level is for Count 3 is 23.

Count 4

ix. Pursuant to Guideline § 2K2.4(b), the Guideline sentence for Count 4 is the minimum term of imprisonment required by statute.

x. Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), the minimum term of imprisonment for Count 4 required by statute is 120 months' imprisonment, which shall run consecutively to any other sentenced imposed.

Grouping

xi. Pursuant to Guideline § 3D1.2, Counts 1 and 3 are not grouped together.

xii. Pursuant to Guideline §§ 2K2.4(b) and 3D1.1(b)(1), Count 4 does not group with any other offense.

xiii. The group with the highest offense level is Group 1 with an offense level of 27. That group is assigned one Unit pursuant to Guideline § 3D1.4(a). Group 2 is assigned one Unit because it is one to four levels less serious than Group 1.

xiv. Pursuant to Guideline § 3D1.4, the offense level for Group 1 is increased by two levels because there are two Units. Therefore, the total adjusted offense level is 29.

xv. The government anticipates that defendant will truthfully admit the conduct comprising the offense of conviction, and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xvi. If the Court determines that defendant has fully accepted responsibility within the meaning of Guideline § 3E1.1(a), and that the offense level is 16 or higher prior to the application of any reduction for acceptance of responsibility pursuant to § 3E1.1(a), the government will move for an additional one-level reduction in the offense level pursuant to Guideline § 3E1.1(b) because defendant has

timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

c. **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal 5 and defendant's criminal history category is III:

i. On or about November 30, 2017, defendant was convicted of burglary and aggravated battery/peace officer in the Circuit Court of Lake County, Illinois, and sentenced to four years' imprisonment and six months' imprisonment, respectively. Pursuant to Guidelines § 4A1.1(a), defendant receives three criminal history points.

ii. On or about October 24, 2019, defendant was convicted of criminal trespass to vehicles in the Circuit Court of Lake County, Illinois, and sentenced to 75 days' imprisonment. Pursuant to Guidelines § 4A1.2(c)(1), defendant receives one criminal history point.

iii. On or about June 7, 2021, defendant was convicted of criminal trespass to vehicles in the Circuit Court of Lake County, Illinois, and sentenced to pay costs and fees. Pursuant to Guidelines § 4A1.2(c)(1), defendant receives zero criminal history points.

iv. On or about May 2, 2022, defendant was convicted of receive/possess/sell stolen vehicle in the Circuit Court of Lake County, Illinois, and sentenced to 1 year of probation. Pursuant to Guidelines § 4A1.1(c), defendant receives one criminal history point.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the government anticipates the offense level to be 26 which, when combined with the anticipated criminal history category of III, results in an anticipated advisory sentencing guidelines range, as to Counts One and Three, of 78 to 97 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that, as to Count Four, he is subject to a statutory minimum sentence of 10 years' imprisonment, which must run consecutively to any other sentence.

e. Defendant and his attorney and the government acknowledge that the guidelines calculations set forth in this Agreement are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands the above calculations are based on information now known to the government and that further review of the facts or applicable legal principles may lead the government to change its position on the guidelines calculations. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing,

and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the defendant's, the probation officer's, or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of a change in the government's position on the guideline calculations or the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by the government prior to sentencing. The government may correct these errors by a statement to the Probation Office or the Court, setting forth any changes in the government's position regarding the guidelines calculations. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

**Agreements Relating to Sentencing**

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does

not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Regarding restitution, defendant acknowledges that the total amount of restitution owed to victims is $15,452, minus any credit for funds repaid prior to sentencing, and that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make full restitution in the amount outstanding at the time of sentencing.

14. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15. Defendant agrees to pay the special assessment of $300 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, notwithstanding any payment schedule set by the Court. In the event of the death or dissolution of, or the government's inability to locate the named recipient(s) of restitution in the Judgment and Commitment Order, the defendant

agrees to not oppose efforts by the government to obtain an order substituting as payee a representative of the victim's estate, another family member, or any other person or successor entity appointed as suitable by the court, or the Crime Victims Fund.

17. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to defendant.

**Forfeiture**

18. Defendant understands that, by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property used or intended to be used, in any manner or part, to commit or facilitate commission of the offense.

19. Defendant agrees to forfeiture of the following specific property to the United States: a black, Smith & Wesson MP Shield Plus 9 millimeter semiautomatic handgun, bearing serial number JHD4084, and associated ammunition. In doing so, defendant admits that the property described above property which facilitated the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

20. Defendant understands that forfeiture shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

21. Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

22. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 23 CR 175.

23. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other

federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

24. Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a

reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii. With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine

whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

25. Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

26. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the defendant's criminal conduct and related conduct, and any relevant information concerning the defendant's background, character, and conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

27. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

28. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

29. Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

30. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

31. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

32. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant,

any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

33. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

34. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

35. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: JAN 28, 2026

Andrew S. Boutros BY CKV
ANDREW S. BOUTROS
United States Attorney

[signature]
JAWAD H. HAKEEM
Defendant

Sushma Raju
SUSHMA RAJU
Assistant United States Attorney

[signature]
JOHN LEGUTKI
Attorney for Defendant