**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| *vs*., | No. 23 cr 175 |
| | Honorable Judge John F. Kness |
| Jawad Hakeem | |

**DEFENDANT JAWAD HAKEEM'S**
**SENTENCING MEMORANDUM AND PSR RESPONSE**

Jawad Hakeem, through his CJA appointed attorney John Legutki, respectfully submits his Sentencing Memorandum and Response to the Presentence Investigation Report (PSR).

## BACKGROUND

Mr. Hakeem is charged with bank robbery, in violation of 18 USC §2113(a) (Counts 1 and 3), using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18 USC §924(c)(1)(A)(ii) (Count 2), and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 USC §924(c)(1)(A)(iii) (Count 4).

On January 28, 2026 Mr. Hakeem pleaded guilty to Counts 1, 3 and 4.

## PSR USSG CALCULATION

The PSR USSG calculation incorporated a multiple counts analysis; two counts (1 and 3) were grouped. Count 1 carried the highest offense level at 27. Two additional units were added pursuant to USSG §§3D1.4(a), (b) and (c), less two points under USSG §3E1.1(a) and an additional USSG §3E1.1(b) point off for a net offense level of 26. Count 4 carries a 10-year minimum term of imprisonment under 18 U.S.C. §924(c)(1)(A)(iii).

US Probation calculated a criminal history score of eight with a resulting criminal history category of IV. PSR at page 13, ¶61. Mr. Hakeem respectfully noes that he had no juvenile adjudications and lived a more normal life until young adulthood when the effects of serious drug related and mental health issues altered his behavior. Such health issues are more fully addressed in the mitigation report prepared in this case.

Based upon a total offense level of 26 and a criminal history category of IV, US Probation calculated the guideline imprisonment range as 92 to 115 months on Counts 1 and 3. Mr. Hakeem's criminal history is outlined in pages 10 – 13. USSG §2K2.4(b). The USSG imprisonment term on Count 4 is 120 months, consecutive to any other counts.

US Probation's recommended sentence is 110 months with Counts 1 and 3 to run concurrently; and 120 months for Count 4 to run consecutively. The aggregate of which calculates to over 19 years. See, Sentencing Recommendation.

**OBJECTIONS TO THE PSR CALCULATION**

Mr. Hakeem objects to the "Specific Offense Characteristics" addition of two additional points per USSG §2B3.1(b)(1) – "involved the property of a financial institution, or the taking of such property was an object of the offense."[1] See, PSR at page 8, ¶20.

Count 1 charges Mr. Hakeem with bank robbery. The *sine qua non* of bank robbery, requires that money or property is taken from a financial institution. In simple terms, the enhancement adds two points for robbing a bank to the existing bank robbery charge. Inclusion of USSG §2B3.1(b)(1) is unfairly and unnecessarily redundant. Therefore, defendant objects to

1 This objection also applies to the PSR analysis for Count 3.

the 2-point enhancement and respectfully maintains that the offense level is calculated at 24; at that level, Mr. Hakeem calculates a USSG range of 77 – 96 months for counts 1 and 3.

**INDEPENDENT MITIGATION REPORT**

The Court authorized an independent Mitigation Report that was conducted by Zakary T. Freeze, Mitigation Specialist/Senior United States Probation Officer (Ret.) and filed under seal on June 4, 2026. Pacer #198. That report is incorporated by reference and made part of this submission.

**18 USC §3553(a) SENTENCING CONSIDERATIONS**[2]

In directing the parties to address a sentence, "… the Supreme Court has consistently reaffirmed that all of the sentencing guidelines are advisory…" *U.S. v., Liddell*, No. 07-3373 (7th Cir., 9/10/2008, at page 14). The sentencing factors under §3553(a), unlike the sentencing guidelines themselves, are mandatory. "This Honorable Court has considerable discretion to individualize the sentence to the offense and the offender as long as the judge's reasoning is consistent with 3553(a)." *United States v., Wachowiak*, citing *Rita v., United States*, 127 S. Ct 2456, 2463 (2007).

Accordingly, a sentence is reasonable if the sentencing judge has given meaningful consideration to the sentencing factors enumerated in 3553(a), including the advisory sentencing guidelines, and arrived at a sentence that is objectively reasonable in light of the statutory factors

[2] 18 USC §3553(a), in pertinent part reads: The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection … shall consider— (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner …

and the individual circumstances of the case. *United States v., Wachowiak*, citing *United States v., Cunningham*, 429 F.3d 673, 670 (7th Cir. 2005) and *United States v., Dean*, supra at 729.

***18 USC §3553(a)(1) - Nature and circumstances of the offense and the history and characteristics of the defendant.***

*Nature of the Offense*

The instant offenses were unsophisticated and did not require a great dealing of organization or planning. Mr. Hakeem acknowledges his conduct involved more than merely being armed or intimating he was armed; the robberies were admittedly violent.

*Defendant's Background*

As more fully presented in Mr. Freeze's report, Mr. Hakeem was raised by two parents (who later amicably divorced) and raised in Lake County, Illinois. Jawad spent part of his youth in Ghana with his mother who own a business in the African nation.

Jawad graduated De LaSalle High School and attended college at Hampton University in Virginia, Chicago State University (where his mother taught) and University of Ghana. He reported that he was gainfully employed in various capacities:

- Ruprecht/Kilcoy Foods North America, Mundelein, Illinois as a machinist.
- Aon Global
- Tantric Butter (owner/operator), 2000 - 2005
- MCI Communications, 1998 - 2000
- Bell Atlantic (Verizon), Virigina, 1997 - 1998
- African Connections (Akesha Hakeem's company) 2001-2014

*Mental Health and Substance Abuse*

At approximately age 17, Mr. Hakeem began using cannabis and alcohol and exhibited some psychosis. (Freeze Report at page 16.) Ayesha Hakeem recollection of the onset of mental illness around 1994, at age 19 where he began exhibiting manic and delusional behavior. *Id*.

Jawad's mental health spiraled downward after the death of his brother. Jawad left Hampton University, moved in with his mother and enrolled in Chicago State University While working as a residential assistant, Defendant Hakeem began exhibiting bizarre behavior at Chicago State, was eventually denied continued campus residency, and left the university.

[redacted]

*Support system.*

Jawad Hakeem enjoys a close relationship with his mother. At some point in the future, she hopes her son will rejoin her at her company and become employed and productive. She will testify at sentencing about her son's past struggles with mental illness and how that transformed him from an intelligent young man with enormous potential to someone who descended into criminality. Ayesha Hakeem will also testify about the importance of vocational training as well as mental health treatment.

***18 USC § 3553(a)(2) - The Need for Sentence Imposed.***

*(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense*

*Admission of guilt.*

At minimum, Mr. Hakeem faces a 10-year sentence. That is a long time. Mr. Hakeem has demonstrated respect for the law as he acknowledged the seriousness of his conduct, admitted to his participation, and pleaded guilty to the charges against him. Further while at the MCC Mr. Hakeem has taken on in-house responsibilities and has garnered the appreciation of MCC staff.

*Sentencing disparity review.*

There are no co-defendants against which Mr. Hakeem's conduct and sentence can be compared. The United States Sentencing Commission Judiciary Sentencing Information (JSIN) provides some statistical insight.

USSG §2B3.1 is the primary guideline offense level. Calculating the multiple count adjustment, less aggregate 3 points for acceptance and timely notification, nets to an offense level of 26. The JSIN chart also incorporates the mandatory minimum 924(c) count. With a criminal history category IV, the JSIN relates "[d]uring the last five fiscal years (FY2021-2025), there were 18 defendants whose primary guideline was §2B3.1 and who were convicted of at least one count of 18 U.S.C. § 924(c), with a Final Offense Level of 26 and a Criminal History Category of IV, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 18 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 199 month(s) and the median length of imprisonment imposed was 178 month(s).". See, https://jsin.ussc.gov/analytics/saw.dll?Dashboard. This is significantly less than the 230-month

aggregate sentence proposed by US Probation in its Recommendation.

*(B) To afford adequate deterrence.*

Mr. Hakeem respectfully asks that the Court consider and apply with Mr. Freeze's thoughtful analysis which recommended "a below-guideline sentence of 12 months on Counts One and Three, when combined with the mandatory minimum sentence of 120 imprisonment to be imposed on Count Four, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. §3553(a)(2)

A sentence of this length protects the public from further crimes for a reasonable period of time (18 U.S.C. §3553(a)(2)(C)). Mr. Hakeem will be approximately age 60 at the time of his release from custody and, accordingly, less likely to recidivate. As reported by the United States Sentencing Commission:

> Older offenders were substantially less likely than younger offenders to recidivate following release. Over an eight-year follow-up period, 13.4 percent of offenders age 65 or older at the time of release were rearrested compared to 67.6 percent of offenders younger than age 21 at the time of release. The pattern was consistent across age groupings, and recidivism measured by rearrest, reconviction, and reincarceration declined as age increased.

https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders

*(C) Protect the public from further crimes of the defendant and*
*(D) To provide needed educational or vocational training.*

With regular, uninterrupted mental health treatment, the risk of recidivism is significantly diminished. As noted in an article entitled "Does in-prison physical and mental health impact recidivism?" published by the NIH National Library of Medicine:

> Better mental health, both in-prison and changes to mental health post-release, is related to a decrease in the likelihood of recidivating. Individuals with poor mental health in-prison who make significant improvements after release see the largest

> reduction in their odds of recidivating. Finally, the combination of better mental health in-prison and increases in mental health post-release is associated with reductions in the likelihood of re-offending for both technical violations and new convictions.

See,
https://pmc.ncbi.nlm.nih.gov/articles/PMC7113431/#:~:text=Better%20physical%20health%20in%2Dprison,related%20to%20higher%20recidivism%20likelihood.&text=Better%20mental%20health%20in%2Dprison%20and%20post%2Drelease%20is,related%20to%20lower%20recidivism%20likelihood.&text=This%20mental%20health%20benefit%20applies%20to%20both%20technical%20violations%20and%20new%20convictions.

Mental health treatment will help transition Mr. Hakeem into a law-abiding and productive life.

Also, as stated in Mr. Freeze's Report:

> The recommended sentence will also provide for a reasonably lengthy and uninterrupted period of time for Defendant Hakeem to be provided with needed educational/training and correctional mental health treatment in the *most effective* manner (18 U.S.C. §3553(a)(2)(D)). It is apparent that Defendant Hakeem's past mental health treatment, including past correctional and community corrections-based mental health treatment, failed to effectively manage or address the causal factors underlying Defendant Hakeem's criminal offending. Accordingly, the mitigation specialist respectfully requests that the Court recommend that the Bureau of Prisons designate Defendant Hakeem to a facility, in which he may participate in the Bureau's Residential Drug Abuse Program ("RDAP") and cognitive behavioral treatment ("CBT") programs, which use Rational Self-Analysis ("RSA") to improve decision making to help inmates reduce and change thought patterns that lead to crime, such as the Criminal Thinking program and the Bureau Rehabilitation and Value Enhancement ("BRAVE") residential CBT program. Relatedly, this mitigation specialist respectfully recommends the Court impose Discretionary Condition of Supervised Release No. 9, requiring Defendant Hakeem to participate in both a substance abuse treatment program and a mental health treatment program, and take any medications prescribed by the mental health treatment provider.

Freeze Report at pages 29 and 30.

**OBJECTIONS AND COMMENTS TO SUPERVISED RELEASE CONDITIONS**

- ***§18 USC §§3563(B) AND 3583(D) - DISCRETIONARY CONDITIONS.***

**Discretionary Condition #9** Participation in substance abuse and mental health treatment.

**Comment to Discretionary Condition #9** Mr. Hakeem recognizes and requests substance abuse and mental health treatment. In addition, he asks that the Court recommend placement in the Residential Drug Abuse Program (RDAP).

- ***§18 USC §§3563(B)(22) AND 3583(D) - SPECIAL CONDITIONS.***

**Special Condition #5** “not incur new credit charges or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment”

**Objection to Special Condition #5**: This is not a financial or fraud crime and such restriction is unwarranted. Further this condition is an anachronism. We are fast approaching a cashless society; also, operating a computer, using a cell phone, watching television are credit-generating events. Inclusion of this condition is unfair and will unnecessarily burden Mr. Hakeem ability to function in life. Therefore, this condition should not apply.

**DEFENDANT’S SENTENCING RECOMMENDATION AND CONCLUSION**

Mr. Hakeem respectfully asks that the Court consider:

- behavioral and mental health issues experienced by Mr. Hakeem;
- Mr. Hakeem will be at least 60 years old upon release.
- defendant’s dedicated support network; and
- the need for consistent mental and substance abuse treatment.

To fashion a "sufficient sentence, not greater than necessary," Mr. Hakeem respectfully asks the Court impose a below-guideline sentence of 12 months on Counts 1 and 3, when combined with the mandatory minimum sentence of 120 imprisonment to be imposed on Count 4.

Respectfully submitted,

s/John C. Legutki
Attorney for Jawad Hakeem

August 19, 2026

John C. Legutki
53 West Jackson Boulevard
Suite 920
Chicago, Illinois 60604

Phone: (312) 939-8747
Fax: (312) 939-0054

jlegutki@outlook.com

**CERTIFICATE OF SERVICE**

PLEASE TAKE NOTICE that on August 19, 2026, I filed the attached Sentencing Memorandum, before the Honorable Judge John F. Kness, in the United States Courthouse, 219 S. Dearborn, Chicago, Illinois.

The referenced filing was served on this day, in accordance with Fed. R. Crim. P. 49, Local Rule 5.5 and the General Order on Electric Case Filing (ECF), pursuant to the District Court's ECF filers.

Respectfully submitted,

s/John C. Legutki
Attorney for Jawad Hakeem

August 19, 2026

John C. Legutki
53 W. Jackson Boulevard
Suite 920
Chicago, Illinois 60604

Phone: (312) 939-8747
Fax: (312) 939-0054

jlegutki@outlook.com